[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13243
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cr-00214-WKW-CSC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRANDON EARL KELLEY,

Defendant - Appellant.

_____

No. 17-13248
Non-Argument Calendar

_____

D.C. Docket No.  2:17-cr-00021-WKW-SRW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRANDON EARL KELLEY,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Middle District of Alabama
_____

(March 6, 2018)

Before MARCUS, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Brandon Earl Kelley appeals his 24-month sentence, imposed following his conviction for possession of marijuana and tetrahydrocannabinol with intent to distribute, in violation of 21 U.S.C. § 841(a).  On appeal, he argues that this sentence is substantively unreasonable because, when served consecutively to a 60-month sentence he received for possessing a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), it is greater than necessary to comply with the statutory purposes of sentencing outlined in 18 U.S.C. § 3553(a).  After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'"  Id. at 1190 (quoting Gall v. United States, 552 U.S. 38, 51

2

(2007)).  The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1]  The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision which is within its sound discretion.  United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015).

A sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily.  Pugh, 515 F.3d at 1191-92.  A sentence that suffers from one of these symptoms is not per se unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness.  Id. at 1192.  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).  We will vacate a sentence only if we "are left with the definite and firm conviction that the district court

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

3

committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).  When a defendant is being sentenced for both a violation of § 924(c) and a separate predicate offense, the district court is permitted to consider the sentence it imposed under § 924(c) when calculating the sentence for the predicate offense. Dean v. United States, 137 S. Ct. 1170, 1176-77 (2017).

Although we will not presume that a sentence within the Guideline range is reasonable, we will ordinarily expect such a sentence to be reasonable.  United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).  The party challenging the sentence has the burden of establishing that the sentence imposed is unreasonable in light of the entire record, the § 3553(a) factors, and the deference afforded to the sentencing court. Rosales-Bruno, 789 F.3d at 1256.  Only rarely will a sentence be deemed substantively unreasonable. Id.

Here, the district court did not abuse its discretion in imposing Kelley's sentence.  For starters, because Kelley's history of drug addiction relates to his history and characteristics, the nature and circumstances of the offense, and the need to provide deterrence and correctional treatment in the most effective manner, all of which are proper factors under § 3553(a), the district court acted within its discretion by emphasizing this matter at sentencing. See 18 U.S.C. § 3553(a)(1)-

4

(2). As the record reveals, there was a large quantity of drugs involved in the offense (over twenty kilograms of marijuana or its equivalent), Kelley was armed in conjunction with possessing those drugs, he had used drugs for several years, he had tested positive for illegal drugs while in custody awaiting sentencing, and his persistent drug addiction made it possible that, without receiving treatment for his addiction, he might commit additional drug offenses in the future. The district court also acted within its discretion when it determined that in light of these facts, Kelley had not established that his desire to get clean to be a good father to his son, his limited criminal history, or the nonviolent nature of his offense were factors due significant weight. In addition, the district court expressly acknowledged many of the factors Kelley claims it ignored, including his son's health conditions and his work history. Nor is there any reason to believe that the court did not consider the fact that the 24-month sentence would run consecutively to the 60-month sentence, since the same district court was responsible for imposing sentences on both convictions and was aware that the law required a mandatory consecutive five years' imprisonment for the firearm conviction.

In short, the district court did not ignore a relevant factor, emphasize an improper factor, or unreasonably weigh the relevant factors, and, therefore, did not impose a substantively unreasonable sentence. See Irey, 612 F.3d at 1189. As we've said many times before, we ordinarily expect a sentence within the

5

Guideline range -- like this one -- to be reasonable, and Kelley has not met his burden of establishing that, in light of the entire record, the § 3553(a) factors, and the deference owed to the district court, his sentence at the low end of the Guideline range was unreasonable. See Hunt, 526 F.3d at 746; Rosales-Bruno, 789 F.3d at 1256. Accordingly, we affirm.

**AFFIRMED**.